IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN DOUGLAS McGEE<br><br>*Petitioner,*<br><br>v.<br><br>MICHAEL ZAKEN, et al.,<br><br>*Respondents.* | CIVIL ACTION<br>NO. 22-2650 |

**PAPPERT, J.**                                                                                                                                                           May 11, 2023

<u>MEMORANDUM</u>

On July 5, 2022, Kevin McGee filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF 1.) Respondents answered the petition (ECF 11), and Magistrate Judge Reid issued a Report & Recommendation recommending the petition's denial. (ECF 12). The Court granted McGee's request for extension of time to object to the R&R (ECF 13, 14), after which he filed a motion for leave to conduct discovery (ECF 15). A week later, McGee filed his objections (ECF 16), but then requested an extension of time to amend them (ECF 18), which the Court granted (ECF 19). Roughly six weeks later, McGee requested, and the Court allowed, another extension. (ECF 20, 21.) After all of that, McGee sought a stay of the proceedings (ECF 22) instead of amending his objections. Having considered all of McGee's submissions and the R&R, the Court denies the motions to conduct discovery and for a stay, adopts the R&R and denies McGee's petition.

I

The R&R recounts this case's factual background and procedural history. In short, a jury convicted McGee of multiple drug and firearm offenses after police

discovered guns and drugs in a black Cadillac Escalade he used and guns at his residence. He was sentenced to ten to twenty years in prison. *Commonwealth v. McGee*, 73 MDA 2015, 2016 WL 378887, at *4–5 (Pa. Super. Ct. Jan. 29, 2016). McGee's petition asserts only one claim for relief, that the evidence was insufficient to sustain his conviction. Because McGee objects to the R&R,[1] the Court reviews it *de novo*, and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

II

Under 28 U.S.C. § 2254, a federal court may not grant a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings [unless the state court's decision] was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *see also Berghuis v. Thompkins*, 560 U.S. 370, 380 (2010). A state court ruling is "contrary to" clearly established federal law if the court applies a rule that contradicts Supreme Court precedent or if the court confronts a set of facts that are materially indistinguishable from a Supreme Court decision but arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406–07 (2000). A state

---

[1]   In his objections, McGee argued that the home and car were illegally searched. He made no such claims in his petition and Judge Reid, obviously, did not address them. The Court considers only McGee's objections to the R&R's conclusions on the insufficiency of the evidence claim presented in his petition. *See Adkins v. Wetzel*, No. 13-3652, 2014 WL 4088482, at *3 (E.D. Pa. Aug. 18, 2014) ("[N]ew issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge." (citing E.D. Pa. Loc. R. Civ. P. 72.1.IV(c))).

court ruling "is considered an 'unreasonable application' if the state court unreasonably applies the correct legal rule to the particular facts, unreasonably extends a legal principle to a new context, or unreasonably refuses to extend the principle to a new context where it should apply." *McMullen v. Tennis*, 562 F.3d 231, 236 (3d Cir. 2009). A decision is based on an unreasonable determination of the facts only if the state court's factual findings are "objectively unreasonable in light of the evidence presented in the state-court proceeding." *Eley v. Erickson*, 712 F.3d 837, 846 (3d Cir. 2013) (internal quotations and citation omitted).

III

McGee argues he is entitled to habeas relief because "the state court's determination was a misapplication of clearly established federal law"—he claims the evidence at trial was insufficient to prove he had the knowledge or intent to possess the drugs and firearms. (Pet. at ¶ 12, ECF 1). When analyzing a sufficiency of the evidence claim in a habeas case, "the critical inquiry . . . does not require a court to ask itself whether it believes that the evidence at trial established guilt beyond a reasonable doubt." *Jackson v. Virginia*, 433 U.S. 307, 319 (1979); *see also Eley*, 712 F.3d at 847 (3d Cir. 2013). Instead, the Court must review "the evidence in the light most favorable to the prosecution and determine if *any rational* trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 433 U.S. at 319 (emphasis in original). In other words, "a court reviewing the sufficiency of the evidence may overturn a conviction only 'if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt.'" *Eley*, 712 F.3d at 847 (citing *Jackson*, 433 U.S. at 324).

A

The state court's standard for deciding McGee's sufficiency of the evidence claim was neither contrary to, nor did it involve an unreasonable application of, federal law. In considering McGee's claim, the court viewed all evidence in the light most favorable to the Commonwealth and concluded that a trier of fact could have found the Commonwealth proved each element beyond a reasonable doubt. *See McGee*, 2016 WL 378887, at *10 (citing *Commonwealth v. Jones,* 636 A.2d 1184, 1189 (Pa. Super. Ct. 1994)). This standard is consistent with federal law and was appropriately applied to McGee's insufficiency of the evidence claim. *See Jackson*, 433 U.S. at 319.

B

The Superior Court's assessment of McGee's insufficiency of the evidence claim was not based on an unreasonable determination of the facts. McGee contends the Commonwealth provided no evidence to establish he had any knowledge of, or intent to control, the drugs or guns with which he was convicted of possessing. (Pet. at ¶ 12, ECF 1). He argues no trier of fact could find him guilty beyond a reasonable doubt because he was not physically present when the police discovered the contraband, but three other individuals who had control over the drugs and guns were at the home during the search. *Id.*

As the Superior Court noted, because McGee did not physically possess the firearms and drugs at the time they were seized, it was the Commonwealth's burden to establish that McGee had constructive possession of the contraband. *McGee*, 2016 WL 378887, at *3. In Pennsylvania, constructive possession is defined as "conscious dominion," which is defined as "the power to control the contraband and the intent to

4

exercise that control." *Id.* (citing *Commonwealth v. Brown,* 48 A.3d 426, 430 (Pa. Super. Ct. 2012). The Superior Court determined the evidence was sufficient to establish McGee had constructive possession over the drugs and guns. *Id.*

The Commonwealth presented more than enough evidence for a reasonable juror to conclude McGee had knowledge of the guns discovered at 536 Fern Avenue and that he had the power and intent to control them. While the police were interviewing him in the hospital, McGee told them his address was 536 Fern Avenue. (N.T. 8/27/14 at 137:19, 138:10–23, A086.)[2] Furthermore, while the officers were searching the home at that address, McGee entered through a back door and began yelling that the officers weren't allowed in "his" house without a warrant. (*Id.* at 196:14–197:24, A101.) Among the additional evidence found in the home that demonstrated McGee resided at 536 Fern Avenue was a photo of McGee on a nightstand in an upstairs bedroom (*Id.* at 285:9–15, A123), a cell phone bill addressed to McGee listing the Fern Avenue address, (*Id.* at 461:6–17, A167), a bin labeled "Kevin's shoes" (*Id.* at 458:10, A166), and a state-issued identification card with McGee's name on it listing 536 Fern Avenue as his address (*Id.* at 348:9–12, A139).

This was sufficient evidence for a reasonable juror to conclude McGee had the power and intent to control the weapons found in the home. Additionally, McGee's argument that others had access to the home does not affect the Commonwealth's ability to prove he had constructive possession of the guns. As the Superior Court correctly noted, the fact that others may also have had control of and access to the contraband does not eliminate his constructive possession. *See Commonwealth v.*

---

[2] The trial transcript can be found in the appendix attached to Respondents' Response. (ECF 11-2.) The appendix page numbers are listed for convenience.

5

*Haskins,* 677 A.2d 328, 330 (Pa. Super. Ct. 1996) ("The fact that another person may also have control and access does not eliminate the defendant's constructive possession; two actors may have joint control and equal access and thus both may constructively possess the contraband.")

Similarly, the Commonwealth presented abundant evidence for a reasonable juror to conclude McGee had the power and intent to control the drugs and guns found inside the black Cadillac. At trial, Myriam Saint-Preux testified that after hearing gunshots, she looked outside her home and saw a man "with long dreads" get into a black vehicle and drive away. (N.T. 8/27/14 at 100:3–102:1, A077.) During a subsequent police interview, Saint-Preux identified the black Cadillac in which the contraband was found as the car she saw the man with dreadlocks get into. (*Id*. at 113–14, A080.) Donna Seiders testified that a man with dreadlocks, who was either "black or dark Spanish," entered the Queen City diner and said he had been shot. (*Id*. at 88:4–89:5, A074.) Additionally, the defense stipulated that when police asked Atef Zeiada, a cook at the diner, to identify from a photo array the person who came into the diner saying he had been shot, he identified McGee. (*Id*. at 97:19–98:2, A076.) The Commonwealth presented sufficient evidence for the jury to conclude McGee was the man shot near the diner who then drove away in a black Cadillac.

Officer Christopher Dinger of the Reading Police Department testified that after investigating the Queen City diner shooting, he received a dispatch that an individual matching the description of the man shot at the diner had checked into Reading Hospital suffering from a gunshot wound. (*Id*. at 132:11–134:10, A085.) At the hospital, Officer Dinger interviewed McGee, and learned that his address was 536 Fern

Avenue and that he was driven to the hospital in a white SUV. (*Id.* at 137:19, 138:10–23, A086.) Upon arriving at the address provided, Officer Dinger saw a white Lincoln Navigator. (*Id.* at 139:1–3, A087.) While checking if anyone was inside, Officer Dinger noticed fresh blood on the center console. (*Id.* at 140:8–11, A087.) He also saw a black Cadillac Escalade in the open garage of the home that was "riddled" with bullet holes. (*Id.* at 141:4–143:19, A087–88.) After police seized and searched the Escalade, they found the black bookbag containing the drugs and the guns; they also found an appointment card with McGee's name on it and an AARP Mastercard that listed McGee's name and his address as 536 Fern Avenue. (*Id.* at 432:3–8, 433:14–15, A160.) The bookbag contained cocaine, pills, razors, a plate, a scale, a grinder, spoons, rubber gloves, baggies, cash, ammunition and four firearms. (*Id.* at 436:9–453:7, A161–65.)

McGee believes this evidence was insufficient and that "no forensic evidence" was presented linking him to the contraband. (Obj. to R&R 8, ECF 16.) However, no such evidence was required. *See Commonwealth v. Macolino*, 469 A.2d 132, 134 (Pa. 1983) ("[C]ircumstantial evidence may be used to establish a defendant's possession of drugs or contraband.") The evidence was sufficient to prove constructive possession and convict McGee. Witnesses identified him as the person who came into the Queen City diner stating he'd been shot before leaving in a black SUV. Officer Dinger found a black Cadillac Escalade with bullet holes in it that contained the bookbag with the contraband, as well as documents indicating McGee used the vehicle. Additionally, the car was in the garage of the house McGee gave as his address. A rational juror could have concluded beyond a reasonable doubt that McGee had constructive possession of

the guns and drugs and the Superior Court's decision to affirm his conviction was not objectively unreasonable.

IV

Having reviewed McGee's petition *de novo* and considered his objections, the Court adopts the R&R, overrules his objections and denies McGee's petition.[3]

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[3] The Court denies McGee's motions for discovery and a stay. Habeas petitioners are entitled to discovery only on a showing of "good cause." *Williams v. Beard*, 637 F.3d 195, 209 (3d Cir. 2011) (discussing Rule 6 of the rules governing § 2254.) McGee has not shown good cause for discovery. Instead, he lists purported factual disputes, none of which, if true, would have precluded the jury from finding he had constructive possession of the contraband. *See id.* ("A habeas petitioner may satisfy the 'good cause' standard by setting forth specific factual allegations which, if fully developed, would entitle him or her to the writ.")

McGee's motion to stay is frivolous. He claims a stay is necessary so he can "exhaust a claim integral to the insufficient evidence claim," but he fails to state the claim with any degree of specificity. Regardless, the Court considered his insufficiency of the evidence claim on the merits.